UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

MARIA FRAGOSO,

                Plaintiff,                **REPORT AND RECOMMENDATION**
                                                            **09 CV 1502 (CBA)(LB)**

-against-

CITIBANK, N.A.,

                Defendant.

-------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff, Maria Fragoso, brings this pro se action against Citibank, N.A. ("defendant"), pursuant to 28 U.S.C. §§3205(b), (c)(2) and (c)(5). Defendant moves for judgment on the pleadings and/or summary judgment pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure.[1] The Honorable Carol Bagley Amon referred defendant's motion to me for a Report and Recommendation pursuant to 28 U.S.C. §636(b). It is respectfully recommended that defendant's motion for summary judgment should be granted for the following reasons.

---

[1] Defendant provided plaintiff with the requisite notice pursuant to Local Civil Rule 56.2. (Document 10.)

1

## BACKGROUND

The following facts are not in dispute, unless otherwise noted.[2] Plaintiff files this pro se complaint citing 28 U.S.C. §§3205(b), (c)(2) and (c)(5) as the basis for jurisdiction. (Compl. at 1; document 1.) Plaintiff's complaint states that "Citibank has frozen my money I had in my bank account #9897," and requests a remedy of "[a] balance of $9,991.63 plus my declaratory relief for giving me stress and made me very sick of my asthma." (Id.) Plaintiff also appears to claim $300.00 damages in unpaid interest payments due to her funds being frozen. (Id.)

Plaintiff's complaint arises from an earlier case, U.S. v. Fragoso, No. 05 Civ. 00772 (CBA) (KAM) (E.D.N.Y). On February 7, 2005, the United States of America filed a complaint against plaintiff to repay student loans guaranteed by the Higher Education Assistance Foundation and then reinsured by the Department of Education. (Fragoso, No. 05 Civ. 00772, document 1.) On June 7, 2005, the Court entered judgment in that case in favor of the government for $7,268.44. (Fragoso, No. 05 Civ. 00772, document 6.) On October 11, 2006 the Court issued a Writ of Continuing Garnishment ("the Writ"), which was served on Citibank on November 1, 2006 to satisfy this judgment. (Exhibit A; Def.'s Rule 56.1 Statement ¶1.)[3] Pursuant to the Writ, defendant sequestered plaintiff's funds in three (3) accounts, #s 9897, 8340, 8596, which defendant claims totaled $9,615.45. (Def.'s Rule 56.1 Statement ¶¶2, 3.) On

---

[2] Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried. See Local Rule 56.1(a); see also Gianullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 72 (2d Cir. 2001). Although, defendants filed a 56.1(a) statement, plaintiff did not file a counterstatement. However, the Court does not rely on the statement of undisputed facts contained in the Rule 56.1 statement: "[i]t must be satisfied that the citation to the evidence in the record supports the assertion." Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004); see Gianullo, 322 F.3d at 143 n.5. Therefore, the Court deems admitted only those facts that are supported by admissible evidence and not controverted by the record. See Local Rule 56.1(c).

[3] All references herein are to defendant's exhibits attached to their motion for summary judgment, unless otherwise specified.

November 1, 2006, defendant also claims to have debited account #8596 for a legal fee of $125.00 pursuant to company policy. (Id. ¶4.) Defendant's motion includes exhibits showing debits from two of plaintiff's accounts, #8340 and #9897, totaling $4,840.33, and a declaration verifying a debit from account #8596 in the amount of $4,775.12. (Exhibit B; Def.'s Rule 56.1 Statement ¶3.)

In plaintiff's student loan case, the Court vacated the judgment on April 27, 2007 and held a settlement conference. (Fragoso, No. 05 Civ. 00772, document 25.) The parties orally stipulated to release the Writ on plaintiff's bank accounts and to dismiss the suit against plaintiff upon payment of $2,500.00 in settlement funds. (Fragoso, No. 05 Civ. 00772, Minute Entry April 27, 2007.) On May 2, 2007, $7,115.45 was restored to plaintiff's account #8596 by defendant. (Exhibit E.) On May 3, 2007, defendant remitted a check for $2,500.00 to satisfy the settlement. (Exhibit D.) On May 31, 2007, the Court dismissed the student loan case. (Fragoso, No. 05 Civ. 00772, document 27.)

On March 3, 2008, plaintiff claimed that the garnished money remaining after the settlement funds were remitted had not been released to her. (Fragoso, No. 05 Civ. 00772, document 32.) The Court reviewed plaintiff's claim and determined that the garnished funds were released to plaintiff after the settlement amount was paid to the government, and the Court closed the case. (Fragoso, No. 05 Civ. 00772, Minute Entry May 21, 2008.) The Court reserved plaintiff's right to reopen the case to present evidence that additional funds were paid by her to the government pursuant to the Writ. (Id.)

Plaintiff did not move to reopen, but instead commenced the instant action against defendant on April 13, 2009. (Compl. at 1.) Defendant answered the complaint and the Court held an initial pretrial conference. (Documents 3, 7.) Defendant requested permission to move

for summary judgment and the Court set a briefing schedule. (Document 8.) Defendant now moves for judgment on the pleadings and/or for summary judgment pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure. (Documents 10-12.) Although plaintiff failed to oppose the motion by the date set by the Court, the Court extended the time and plaintiff filed a response to the motion. (Pl.'s Opp.; document 16.)[4] Defendant filed a letter reply. (Document 17.)

## DISCUSSION

### I. Standard of Review

As defendant has submitted matters outside the pleadings, the Court shall consider defendant's motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997) (quoting Anderson, 477 U.S.

---

[4] Plaintiff's opposition references many accounts and transfers of money that were not raised in the complaint. (Pl.'s Opp. at 1-3.) In addition, plaintiff filed a letter in Spanish (document 19) and then requested a stay of proceedings (document 21) after the motion to dismiss was fully briefed. Attached to plaintiff's request for a stay is a typewritten letter in which plaintiff makes a new claim that "two weeks before the freeze on my accounts took place," ten thousand dollars was withdrawn from the account where she received her social security payments. (Document 21.) This claim was not raised in plaintiff's complaint. Plaintiff's complaint raises money frozen in account #9897. (Compl. at 1.) A plaintiff cannot raise a new claim in opposition to a motion. See Beckman v. United States Postal Serv., 79 F.Supp.2d 394, 407 (S.D.N.Y. 2000) ("[I]t is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment.") However, the Court will address plaintiff's arguments raised in her opposition to the extent they refer to accounts involved in her underlying student loan case as addressed by defendant's motion for summary judgment.

4

at 248 ); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000). For the purposes of summary judgment, the facts here are viewed in the light most favorable to plaintiff.

"An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586-87 (1986). In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. v. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id (quoting Anderson, 477 U.S. at 252). When a party is proceeding pro se, the Court is obliged to "interpret that party's supporting papers liberally, that is, 'interpret them to raise the strongest arguments that they suggest.'" Forsyth v. Federation Employment and Guidance Service, 409 F.3d 565, 569 (2d Cir. 2005) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II.     **Garnishment pursuant to 28 U.S.C. §3205**

Plaintiff's complaint invokes jurisdiction under 28 U.S.C. §§3205(b), (c)(2) and (c)(5).

5

(Compl. at 1.) This statute states, in relevant part, that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest..." 28 U.S.C. §3205(a). Title 28 of the United States Code, §3205(b) establishes the procedures the government must follow when applying for a writ of garnishment, and 28 U.S.C. §3205(c)(2) details the procedures and forms a court must use when issuing a writ of garnishment. 28 U.S.C. §3205(c)(5) discusses the judgment debtor's right to a hearing objecting to the judgment. Plaintiff filed for a hearing in her prior case, which was held on March 6, 2007. (Fragoso, No. 05 Civ. 00772, document 11, Minute Entry March 6, 2007.) The statutes cited by plaintiff's complaint refer to the procedural requirements for the government and the Court, and create no private right of action for plaintiff.

### III. Garnishment of Social Security Funds

Liberally construed, plaintiff's opposition may be alleging that the defendant illegally garnished funds from her Social Security account to satisfy her student loan debts in violation of 42 U.S.C. §407. (Pl.'s Opp. at 3.) Section 407(a) states that "[t]he right of any person to any future payment under [Social Security benefits] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." However, the Debt Collection Improvement Act of 1996 ("DCIA") exempts education loans from the prohibition of garnishment. See 31 U.S.C. §3716 (c)(3)(A)(1)(I) ("[n]otwithstanding any other provision of law (including... sections of the Social Security Act (42 U.S.C. 407...)... all payments due an individual under the Social Security Act... shall be subject to offset.") As the DCIA permits garnishment of social security benefits in order

to pay student loan debt, defendant's motion to dismiss should be granted. See Lockhart v. United States, 546 U.S. 142 (2005) (the United States may offset Social Security benefits to collect student loan debt that had been outstanding for over 10 years).[5]

## IV. Additional Payment of Funds

Plaintiff asserts that Social Security funds from the previous six (6) months in the amount of $3,000.00 were frozen by the defendant in September 2006. (Plaintiff's Opp. at 3.) Plaintiff further asserts that $500.00 of those funds were put into a "checking plus" account #5399, while the remaining $2,500.00 was used to satisfy her settlement. Id. Defendant asserts that on November 1, 2006, when it was served with the Writ, plaintiff had maintained three accounts, #s 9897, 8340 and 8596, which defendant sequestered to comply with the Writ. (Def.'s Rule 56.1 Statement ¶¶1-3.) After plaintiff and the government orally stipulated to a $2,500.00 settlement to release the Writ on plaintiff's bank accounts (Fragoso, No. 05 Civ. 00772, Minute Entry April 27, 2007), defendant restored $7,115.45 to account #8596 and remitted a check for $2,500.00 to the government (Def.'s Rule 56.1 Statement ¶5). Defendant attaches a copy of plaintiff's statement for account #8596, which evidences that defendant restored $7,115.45 to the account on May 2, 2007 (Exhibit E), and the $2,500.00 remittance check paid to the government on May 3, 2007 to satisfy the settlement (Exhibit D). Defendant maintains that it restrained no other funds from plaintiff. (Def.'s Rule 56.1 Statement ¶6.)

Plaintiff submits a letter from defendant notifying her that her checking plus application was approved and that there is a $500.00 balance available in account #5399. (Pl.'s Opp. at 7.) However, there is nothing to support plaintiff's claim that an account with $3,000.00 existed, that

---

[5] Plaintiff defaulted on her loan on January 1, 28, 1989. (Fragoso, No. 05 Civ. 00772, Compl. at 4.) Therefore, plaintiff's debt was outstanding for more than ten years when defendant issued a check to the government.

a sum of $2,500.00 was frozen from an account that was not released, or that plaintiff used additional funds to pay the judgment on her student loan. In addition, the letter plaintiff received from defendant regarding account #5399 states that an application was approved for the account; this suggests that plaintiff had applied for this account and not that defendant had set up this account for the frozen funds. Id. Accordingly, defendant's motion should be granted as plaintiff fails to establish that defendant received unauthorized funds from her accounts.

V.  **Lost Funds**

Plaintiff's complaint seeks payment of $9,991.63 to account #9897. (Compl. at 1.) However, plaintiff's opposition states account #9897 is owed $9,985.68. (Pl.'s Opp. at 2.) Plaintiff asserts that on April 25, 2005 she deposited $30,000.00 into account #9897 and that her balance in August 2006 was $19,985.88. (Id.) In August of 2006, plaintiff alleges that she made two $5,000.00 deductions, one an international transfer to Mexico and the other a transfer to account #8431, to bring the balance in account #9897 to $9,885.88. (Id.) Plaintiff provides her bank statements for account #9897 from January 1, 2006 through November 30, 2006 in opposition to defendant's motion. (Pl.'s Opp. at 10-23.) The statement for the month of August 2006 clearly shows that the beginning balance for account #9897 was $8,049.91. (Pl.'s Opp. at 23.) The statement also shows that on August 9, 2006 a transfer debit of $5,000.00 was made to checking account CBC 0035409, which plaintiff claims is now lost. (Id.) However, plaintiff also provides a bank statement showing that on August 9, 2006 a transfer credit of $5,000.00 was made to account #4310 from CBC 0035409. (Pl.'s Opp. at 24.) Account #4310 is plaintiff's husband's account. (Pl.'s Opp. at 2.) In addition, there was a wire transfer of $5,000.00 from

account #4310 to an international account. (Pl.'s Opp. at 24.)[6] Thus, the bank records that plaintiff provides demonstrate that $5,000.00 was transferred to multiple accounts. The records do not demonstrate that defendant owes plaintiff $9,985.68. As such, it is respectfully recommended that defendant's motion for summary judgment should be granted.

## CONCLUSION

Accordingly, defendant's motion for summary judgment should be granted and plaintiff's action should be dismissed.

---

[6] To the extent that plaintiff is now claiming that defendant made an unauthorized transfer to account #4310 from #9897, plaintiff's allegations fail to state a claim upon which relief can be granted. A financial institution is liable for an unauthorized electronic transfer, when "(1) the financial institution… [failed] to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer, … (2) the financial institution's failure to make an electronic fund transfer due to insufficient funds when the financial institution failed to credit, in accordance with the terms and conditions of an account, a deposit of funds to the consumer's account which would have provided sufficient funds to make the transfer, and (3) the financial institution's failure to stop payment of a preauthorized transfer from a consumer's account when instructed to do so in accordance with the terms and conditions of the account." 15 U.S.C. §1693(h)(a)(1)-(3).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 28, 2010
Brooklyn, New York